UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL FERGUSON
   Plaintiff,

   v.         Case No. 09 C 2199

MICHAEL D. DOWNEY, et al.
   Defendants.

MEMORANDUM OPINION AND ORDER

   Before the court is the Defendants' unopposed motion to dismiss [79], filed on September 23, 2010.  The defendants are CHIEF MICHAEL DOWNEY, ASST. CHIEF CHAD KOLITWENZEW, LT. KENT SMITH, C/O ROBERT SMITH, C/O SCOTT BRAZILL, C/O MATTHEW MEEHAN, DEPUTY EMERSON RUSHING, DIRECTOR CARL BROWN, ADMIN. LT. RANDY WALLING, CPL. MISTY BRIGHT, SGT. TODD SCHLOENDORF, SGT. BARB DYER, CPL. AMANDA VOSS, C/O MANUEL VILLAFUERTE, C/O JOHN JUERGENS, C/O LEAUNDRE HARRINGTON, C/O KISHAWN BEDFORD, C/O PHILLIP COXEY, C/O TRAVIS CARSON, C/O ADAM BRINKMAN, CPL. GRANT JACKSON, C/O ERIC SENESAC, C/O EURELIUS ROSS, C/O MICHAEL GEORGELOS, C/O MICHAEL DUMONTELLE, C/O JOSHUA BERNS, C/O ZACHARY RICHMOND, C/O MARTY CALLOWAY, C/O HERBERT POPE, C/O DEAN DYER, C/O LAZARUS HUGHES, C/O JEREMY MOST, C/O ANTONIO EMERY, C/O ALEX RAMIREZ, CPL. AVELINO ARREDONDO, LT. PAUL TOFARI, C/O NICHOLAS RILEY, C/O TYLER FOX, C/O NICHOLAS BRAIS, C/O ADAM GRANGER, C/O TYSON NOLAN, C/O MARCUS TATUM, C/O STEVEN SWALE, C/O THOMAS LARRIGAN, CPL. RICHARD BALL, C/O MIGUEL AYALA, C/O KYLE VANCE, C/O ALVON BROWN, C/O CORNELL GRANT, CPL. SABRINA FLOWERS, AND C/O THOMAS DORRIES,.  The Defendants move to dismiss Plaintiff's Amended Complaint with prejudice, and in support of their motion, they state the following:

1. On August 13, 2010, Defendants filed their Motion to Compel written discovery in this case. In the motion, Defendants requested that Plaintiff be compelled to respond to their written Interrogatories and Request for Production of Documents which were originally due on June 21, 2010.

2. On August 26, 2010, this Court entered an order requiring that Plaintiff respond to Defendants' written discovery requests within fourteen days or by September 9, 2010.  In its August 26, 2010, order, this court stated as follows:

   "As Plaintiff has had more than ample time to respond to the

> Defendants' discovery requests, no further extensions will be
> allowed. The Plaintiff is forewarned that failure to cooperate with
> discovery can lead to a dismissal of his lawsuit, with prejudice."

3. Despite the fact that the court ordered Plaintiff to respond to the Defendants' outstanding discovery requests by September 9, 2010, Plaintiff has still failed to respond to Defendants' Interrogatories or Request for Production of Documents.

Therefore, Defendants request that Plaintiff's lawsuit be dismissed with prejudice for Plaintiff's willful violation of the court's August 26, 2010, order and for his failure to respond to Defendants' written discovery.

In determining whether to impose the sanction of dismissal, the court is not required to give a lesser sanction before imposing dismissal. Ball v. City of Chicago, 2F.3d 752, 758 (7th Cir. 1993). Dismissal should be given if the court has determined that another sanction would not be equally as effective. Id. "Although one failure alone would be insufficient to justify dismissal for want of prosecution, this Court held that the two grounds together were sufficient to impose the harsh sanction of dismissal." Lockhart v. Sullivan, 925 F.2d 214, 218 (7th Cir. 1991). Lockhart was referring to Anderson v. United States Parcel Service, 915 f.2d 313, 315 (7th Cir. 1990), which held that it was not in error to dismiss a case due to a party's delay tactics and the plaintiff's failure to comply with discovery. With pro se plaintiffs, the court is required to give explicit warning of the possibility of dismissal prior to dismissing the case for want of prosecution. In re: Bluestein & Co., 67 F.3d 1022, 1025 (7th Cir. 1994). However, a prisoner's civil rights case can be dismissed as a sanction under Rule 16(f), Rule 37(b) or Rule 41(b). Lucien v. Breweur, 9 F.3d 26 (7th Cir. 1993).

Pursuant to F.R.C.P 37(b)(2)(C), when a party fails to obey a court order to provide discovery, the court has discretion to dismiss the action. Here, the defendants served discovery on the plaintiff, but he failed to respond to the discovery. In his motion for extension of time to respond to the defendants' discovery requests [76], the Plaintiff claimed the documents he needed to send to the Defendants were filed with his complaint and thus he could not respond until he received a copy from the clerk of the court. Plaintiff claimed he had made several attempts to obtain copies of the documents from clerk of the court. However, contrary to the plaintiff's assertion, there is nothing in the record that indicated he had made any attempts to receive copies of his complaint and exhibits from the clerk of the court. Further, the plaintiff was advised that if the documents were attached to the complaint, he could refer the defendants to the complaint and attachments because a copy would have been served upon the defendants. Further, the plaintiff was advised of the costs for copies if he wished to receive copies. Further, the Plaintiff failed to comply with the court's order directing him to respond to the outstanding discovery. The Plaintiff was forewarned that failure to cooperate with discovery could leave to dismissal of his lawsuit, with prejudice. The facts demonstrate the willfulness and bad faith on the part of the Plaintiff which justifies dismissal of this action pursuant to F.R.C.P. 37(d). See also Hindmon v. National-Ben Franklin Life Insurance Corp., 677 F.2d 617, 620, 621 (7th Cir. 1982). Alternatively, F.R.C.P. 41(b) allows for a dismissal with prejudice when a plaintiff fails

2

to prosecute his lawsuit or does not comply with the federal rules or a court order. See Ball v. City of Chicago, 2 F.3d 752, 760-761 (7th Cir. 1993). Accordingly, the court finds that it is appropriate to allow the defendants' motion for sanctions by dismissing the plaintiff's complaint.

It is therefore ordered:

1. The defendants' motion for dismissal is granted [79]. Pursuant to F.R.C.P. 37(d) and F.R.C.P. 41(b), the plaintiff's complaint is dismissed, with prejudice. This above-captioned case is terminated in its entirety. The clerk of the court is directed to terminate this lawsuit in its entirety. Any pending motions are rendered moot.
2. Although his lawsuit is dismissed, the plaintiff is still obligated to pay the filing fee in full. *See* 28 U.S.C.A. § 1915(b)(1). The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.
3. If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Enter this 29th    day of October 2010.


/s/ Michael P. McCuskey
_____
Michael P. McCuskey
Chief United States District Judge